**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **JUAN ZUBIAGA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SUPERIOR POOLS OF SOUTHWEST FLORIDA INC.**, a Florida corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:26-cv-2362**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT

NOW COMES the Plaintiff, JUAN ZUBIAGA ("ZUBIAGA" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action for unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), and for breach of an employment contract under Florida common law.

## PARTIES

2. The Plaintiff is an individual and resident of Florida who at all material times worked for the Defendant in Charlotte County, Florida. At all times,

1

Plaintiff had enterprise and individual coverage under the FLSA during his employment with the Defendant, SUPERIOR POOLS OF SOUTHWEST FLORIDA INC. ("Defendant"). At all material times, Plaintiff was employed by the Defendant as a driver and construction worker. Plaintiff performed work for the Defendant in locations throughout Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District of Florida. While performing services for the Defendant, Plaintiff was engaged in interstate commerce, including handling pool construction materials and equipment that moved in interstate commerce.

3. The Defendant SUPERIOR POOLS OF SOUTHWEST FLORIDA INC. ("Defendant") is a Florida corporation engaged in the business of pool construction and related services, located at 517 Tamiami Trail, Port Charlotte, Florida 33953. Defendant has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. § 203(d), (r) and (s)). Defendant's employees are engaged in interstate commerce through their business model which involves interstate operations including: the construction and installation of pools and related systems; cross-border supply chains involving the movement of raw materials, components, and finished products between

different states within the United States; and handling goods and materials that move in interstate commerce.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202 and pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law breach of contract claim pursuant to 28 U.S.C. § 1367, as that claim is so related to Plaintiff's FLSA claims that it forms part of the same case or controversy.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff performed work for the Defendant who conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04.

## GENERAL ALLEGATIONS

6. ZUBIAGA began his employment with the Defendant on or about November 20, 2024, and has continued to work for the Defendant through the date of this filing as a driver and construction worker on a full-time basis.

3

7. ZUBIAGA always performed his assigned duties in a professional manner and was very well qualified for his position.

8. The Defendant agreed to pay ZUBIAGA at the regular hourly rate of approximately $18.75 -$19.60 per hour.

9. ZUBIAGA's job duties were of a strictly non-exempt nature, consisting of driving and construction duties in support of the Defendant's pool construction and service operations.

10. From on or about November 20, 2024 to the present, Defendant failed to pay ZUBIAGA at his agreed-upon regular rate of approximately $18.75 -$19.60 per hour for all hours worked, and failed to pay him at one and one-half times his regular rate for all hours worked in excess of forty (40) hours per week, as required by the FLSA and by the terms of his employment agreement.

11. During his employment, ZUBIAGA regularly and frequently worked in excess of 40 hours per week, as documented in the pay stubs issued by the Defendant. In every pay period in which ZUBIAGA worked overtime, Defendant failed to compensate him at the required overtime rate of one and one-half times his regular rate of approximately $18.75 -$19.60 per hour — that is, $28.12 - $29.40 per hour — for all overtime hours worked. In addition, in every pay period throughout his employment, Defendant failed to pay ZUBIAGA his agreed-upon rate of approximately $18.75 -$19.60 per hour for all hours worked up to and including 40 hours per week.

12. The Defendant has thus violated the FLSA by failing to pay ZUBIAGA at one and one-half times his regular rate for all overtime hours, and has breached its employment agreement with ZUBIAGA by failing to pay him his agreed-upon rate of approximately $18.75 -$19.60 per hour for all hours worked.

## COUNT I: VIOLATION OF THE FLSA — UNPAID OVERTIME

15. The Plaintiff hereby incorporates Paragraphs 1–12 in this Count as though fully set forth herein.

16. Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

17. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half his regular rate for all hours worked in excess of 40 hours per week.

18. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation, scheduling, and work methods.

19. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

20. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half his regular rate of approximately $18.75 -$19.60 per hour for all hours worked over 40 per week.

21. The Defendant has willfully violated the FLSA by repeatedly failing to pay Plaintiff proper overtime compensation for all overtime hours worked throughout the duration of his employment.

22. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

23. The Defendant is the proximate cause of Plaintiff's damages.

WHEREFORE, the Plaintiff prays that this Honorable Court enter a Judgment in Plaintiff's favor and against the Defendant for all unpaid overtime wages in an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II: BREACH OF CONTRACT — UNPAID STRAIGHT-TIME WAGES (GAP TIME)

24. The Plaintiff hereby incorporates Paragraphs 1–12 in this Count as though fully set forth herein.

25. At the commencement of ZUBIAGA's employment, the Defendant agreed to pay ZUBIAGA at a regular hourly rate of approximately $18.75 - $19.60 per hour for all hours worked. This agreement constitutes a binding and enforceable employment contract between the parties.

26. ZUBIAGA accepted employment with the Defendant and performed all services required of him in reasonable reliance on Defendant's agreement to

pay him at the rate of approximately $18.75 -$19.60 per hour for all hours worked.

27. The Defendant breached its agreement with ZUBIAGA by failing to pay him at his agreed-upon rate of approximately $18.75 -$19.60 per hour for all hours worked. As reflected in the chart set forth below, in every pay period throughout ZUBIAGA's employment, the wages paid by Defendant fell short of what Defendant was contractually obligated to pay at the agreed-upon rate when applied to all hours worked during that period.

28. These unpaid straight-time wages — commonly referred to as "gap time" — are not recoverable under the FLSA where the total compensation for non-overtime hours does not fall below the applicable minimum wage, but are fully recoverable as breach of contract damages under Florida common law.

29. The following chart summarizes, on a pay-period-by-pay-period basis, the total hours ZUBIAGA worked, the straight-time wages owed at his agreed-upon rate of approximately $18.75 -$19.60 per hour for all hours worked, the wages actually paid by Defendant, and the resulting gap time deficit. Straight-Time Wages Owed represents ZUBIAGA's agreed-upon rate of approximately $18.75 -$19.60 applied to all hours worked during the pay period. The Gap Time Deficit reflects the difference between wages owed at that rate and wages actually paid, and does not include the additional overtime premium separately claimed under Count I. These figures are preliminary estimates

7

based on available pay stubs and are subject to further calculation upon full discovery of Defendant's time and payroll records.

30. As a direct and proximate result of Defendant's breach, ZUBIAGA has suffered damages in the form of unpaid wages for all hours worked at which Defendant failed to pay the agreed-upon rate.

31. The Defendant is the proximate cause of Plaintiff's damages.

WHEREFORE, the Plaintiff prays that this Honorable Court enter a Judgment in Plaintiff's favor and against the Defendant for all unpaid straight-time wages in an amount consistent with evidence, together with the attorney's fees and costs of litigation, prejudgment interest, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: August 13, 2026     **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

8